Filed 9/24/20  P. v. Layral CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GILBERT WAYNE LAYRAL,<br><br>    Defendant and Appellant. | D076744<br><br><br>(Super. Ct. No. RIF1402889) |

APPEAL from a judgment of the Superior Court of Riverside County, Bernard Schwartz, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Allison Acosta, Deputy Attorneys General, for Plaintiff and Respondent.

On this appeal, defendant alleges he should be resentenced because the trial court did not know it could sentence him concurrently for counts 1 and 2.

He also alleges his actual custody credits need correction. We conclude that the court knew of its discretionary choices and the consecutive sentencing was proper. We agree, however, as do the People, that defendant's custody credits should be corrected.

## FACTUAL BACKGROUND[1]

John C., the brother of defendant's wife Pam, had a daughter, M.C. and a stepdaughter M.G. From the time they were five and six years old until they were 10 and 11, respectively, they visited defendant and Pam once a month at their house in Riverside.

One day, when M.G. was between five and 11 years old, and after swimming at defendant's house, defendant turned on the shower for her, put his hand inside her bathing suit bottom and rubbed the inside of her vagina. When she jumped away, defendant told her not to tell anyone. M.G. told M.C. but nobody else.

M.C. testified that from the time she was seven or eight, defendant would rub her stomach, lower back, and inside her thighs while she wore her bathing suit. He also would lie on top of her on his bed and tickle her thighs. When M.C. was about 10 years old and taking a nap, defendant pulled off the bottom of her two-piece bathing suit, and rubbed her "between the two parts" of her vagina for 15 to 20 minutes. Late that same day, defendant tried unsuccessfully to get M.C. to take off her bathing suit and show him her body.

---

[1]    Like respondent, we adopt the statement of facts from the factual summary within the opinion filed with defendant's first direct appeal, *People v. Layral* (Oct. 26, 2018, D074032) [nonpub. opn.]. On June 16, 2020, we took judicial notice of that opinion. We summarize here briefly to explain the factual basis of defendant's current appeal.

2

When M.C. was 14 years old, she told her mother about defendant's lewd acts. In talking to John, defendant stated he could not pass a lie detector test as to M.C. and M.G. John then called the police.

At trial, there was evidence of prior uncharged acts as to Shawna A. and Jeanette C. They testified defendant touched them lewdly when they were 10 years old. Jeanette was 45 years old when she testified. Shawna was 38 years old when she testified. Shawna remembered being naked on top of defendant's bare chest when she was five or six years old. As he had done to Jeanette, defendant moved her up and down his body. She told a therapist about this sexual abuse about six years before testifying, and later told her mother and sister.

## PROCEDURAL BACKGROUND

In an amended information filed by the Riverside County District Attorney on November 3, 2016, defendant was charged with two counts of lewd and lascivious conduct with a child under the age of 14, in violation of Penal Code section 288, subdivision (a) (counts 1 and 2). He was also charged with a multiple-victim sex offense allegation in violation of Penal Code section 667.61, subdivisions (c) and (e)(4).

On November 17, 2016, a jury found defendant guilty as charged. In December 2016, he was sentenced to prison for a total of 25 years to life. This was composed of the upper term of eight years for count 1 plus a consecutive term of two years (the middle term) for count 2, plus an indeterminate term of 15 years to life for the multiple-victims allegation. He received credits for good conduct, and 632 days actual custody credit for time served.

Defendant filed a direct appeal, which was affirmed in its entirety. (*People v. Layral,, supra*, D074032.)

In 2019, the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court informing it that defendant's sentence was not authorized and needed to be corrected.

At a resentencing hearing held in October of 2019, defendant was sentenced to prison for a total term of 30 years to life, consisting of two consecutive indeterminate terms of 15 years to life, for counts 1 and 2.

Defendant filed a timely notice of appeal.

ANALYSIS

I.

*The Trial Court Was Aware of its Sentencing Discretion*

Defendant urges that even though the sentencing court, on resentencing, was statutorily authorized to impose consecutive sentences on the two counts for which he was convicted, the case should be remanded because it does not appear the court knew it could sentence him concurrently. We disagree.

The People urge this issue has been forfeited because defense counsel not only failed to raise the issue at the time of sentencing (see *People v. Weddington* (2016) 246 Cal.App.4th 468, 491), but in fact expressly informed the court there were no remaining questions about the resentencing. We conclude the issue has been forfeited. However, even if it were not forfeited, we conclude the court was aware of its discretion to sentence defendant concurrently.

We review a trial court's particular choice in sentencing under an abuse of discretion standard. (*People v. Nicolas* (2017) 8 Cal.App.5th 1165, 1182.) As the parties note, this is a highly deferential standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) The burden is on the party attacking the sentence to show it was an irrational or arbitrary decision. In the absence of

4

such a showing, the trial court is presumed to have acted legitimately. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.)

Examining the record before us, we cannot detect any comment by the trial court that it believed consecutive sentencing was required. As the People note, defendant relies on a mistake in the probation report that was prepared three years earlier, for the *first* sentencing hearing, which was corrected on resentencing. In addition, defendant's observation that the sentencing court did not expressly speak to the issue of concurrent versus consecutive does not lead us to assume the court was not aware of its discretion. Finally, we note the trial court expressly stated it intended to sentence defendant consecutively, the implication being it was aware a selection choice was at hand.

We conclude defendant has not carried his burden of showing the trial court was unaware of its discretion to sentence him concurrently.

II.

*There was No Violation of Due Process*

Defendant argues his constitutional right to due process was violated by the court's selection of consecutive sentences. We disagree.

As the People note, the ordinary application of state procedural and evidentiary rules do not normally implicate a defendant's constitutional rights unless the trial has been rendered fundamentally unfair. (*People v. Fudge* (1994) 7 Cal.4th 1075, 1102–1103; *Estelle v. McGuire* (1991) 502 U.S. 62, 70; *Chambers v. Mississippi* (1973) 410 U.S. 284, 302.) Moreover, due process entitles a defendant to "informed discretion" free from " 'misinformation of constitutional magnitude.' " (*Roberts v. United States* (1980) 445 U.S. 552, 556.)

5

Here, we find no constitutional error. As we have explained, the trial court acted within its discretion and there is insufficient evidence to conclude the trial court was unaware of its choices and responsibility.

## III.

### *The Record Does Not Reflect Incompetency of Defense Counsel*

Defendant alleges his trial counsel was defective for failing to press the issue of a concurrent sentence. We do not believe the record supports such a conclusion.

To establish incompetency of defense counsel, we must first determine counsel's representation fell below an objective standard of reasonableness, and then demonstrate there was a reasonable probability that but for counsel's unprofessional error, the result of the proceeding would have been different. (*Strickland v. Washington* (1984) 466 U.S. 668, 688; *People v. Jones* (2010) 186 Cal.App.4th 216, 234.) The resentencing was carried out to ensure the trial court corrected a previous sentencing error. As we have noted, there is nothing in the resentencing hearing that indicates the trial court was unaware it had a choice between concurrent and consecutive sentencing. Defense counsel had no additional burden to ask the court to repeat its discretionary selection.

## IV.

### *The Actual Custody Credits Must Be Corrected*

Defendant urges he is entitled to correction of his actual custody credits. The People agree, as do we. Remand is not necessary to correct the award of credits.

6

## V.

## DISPOSITION

Defendant's actual custody credits are corrected to reflect an additional 1,027 days.  The Department of Corrections and Rehabilitation is ordered to correct the credits awarded defendant.  In all other respects the judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:


HALLER, J.


AARON, J.